F I L E D
United States Court of Appeals
Tenth Circuit

FEB 28 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ROBERT R. INGHAM,

       Plaintiff-Appellant,

v.

HERBERT R. TILLERY, Colonel;
MARK P. SPEERE, Major,

       Defendant-Appellee.

No. 96-3175
(Dist. of of Kansas)
(D.C. No. 96-CV-3125)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO,** and **MURPHY**, Circuit Judges.


    After examining the briefs and the appellate record, this three-judge panel has unanimously determined that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The United States District Court for the District of Kansas dismissed Robert R. Ingham's *pro se* civil rights complaint because the complaint "fail[ed] to state a claim for relief. Ingham appeals. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRMS.

Ingham, an inmate at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, was placed in adminstrative segregation for six days pending investigation of charges of disobedience and disrespect. Ingham was then provided an administrative disciplinary proceeding. At the hearing, Ingham presented a prepared statement and a witness. He was nonetheless found guilty and received a penalty of 30-days recreation restriction.

Ingham alleges in his complaint that he was denied procedural due process during the administrative disciplinary proceedings. The district court found that Ingham's complaint also stated "that he was denied due process by a six-day placement in administrative segregation." We note that it is a close question whether Ingham brought such a claim in his initial complaint, but address it nonetheless. "If the plaintiff proceeds *pro se*, the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Under *Sandin v. Conner*, 115 S. Ct. 2293, 2300 (1995), inmates have no liberty interest based on regulations regarding disciplinary measures unless those measures "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." We have reviewed the entire record before us on appeal and find that Ingham presented nothing to the district court which would indicate that the six-day placement imposed atypical or significant hardship on Ingham.[1]

We also agree with the district court's dismissal of Ingham's claims that the administrative disciplinary proceedings violated his right to procedural due process. Specifically, Ingham claimed he was denied procedural due process during the proceedings 1) when investigators allegedly failed to adequately review the charges against him; and 2) when a disciplinary board member stated that it appeared witnesses had coordinated their statements. Again, under *Sandin*, we must determine whether the proceedings "imposed atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* Ingham was found guilty after administrative proceedings at which Ingham was given the opportunity to deliver a prepared statement and present a witness. We agree with the district court that a 30-day recreation restriction does not impose

---

[1] We do not consider Ingham's self-serving affidavit attached to his opening brief as the affidavit was never presented to the district court below.

atypical and significant hardship, but rather "falls within the ordinary incidents of prison life."

For the reasons set forth above, we **AFFIRM** the ruling of the United States District Court for the District of Kansas.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge