F I L E D
United States Court of Appeals
Tenth Circuit

JUN 4 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JIM C. ELLIOTT,

      Plaintiff-Appellant,

v.

ROBERT D. HANNIGAN and
CHARLES E. SIMMONIES,
Secretary of Corrections, KDOC,

      Defendants-Appellees.

No. 96-3309
(D.C. No. 96-CV-3209)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Elliott is a state prisoner and a pro se litigant. Mr. Elliott filed a civil rights complaint pursuant to 42 U.S.C. § 1983 complaining his property was taken under a newly established incentive plan adopted by the Kansas Department of Corrections due to his refusal to participate in institutional programming. The trial court dismissed his complaint for failure to state a claim for relief under § 1983. Mr. Elliott then filed a motion for reconsideration and the district court denied this motion finding Mr. Elliott "makes no argument which states a viable constitutional challenge to the incentive system."

We turn first to Mr. Elliott's complaint. This document consists of many pages filled with a litany of complaints. In order to give the reader the flavor of this complaint, we quote it, in small part:

> These institution administration members/staff, already knows that they are in violation of my Civil and Constitutional Rights ....
> Plus is violating the State/Federal "GRANDFATHER CLAUSE" ....
>
> And their [sic] are three (3) State Judges that NEVER said or made any kind of agreement or deal to take any knid [sic] of institution programs ....
>
> ....
>
> The Records Clerk of this institution has WillFully and Wanton-Misconduct and Negligence by the Warden abusive-powers has Taken-A-Way my Legal and Personal-property of ... one T.V. ... that the money did not come from the prisons system ....
>
> ....

MisConduct of County Attorney, ILLEGALLY Charges, ConVictions, Sentenceing [sic], and Holding, MisCarriage of Justice, MisLeading of Jury, MisConduct of Offices, Denial of Civil Rights, and much more ....

....

I have tried to get both institutions .... to give my T.V., and Radio, back to me, before it getts-out [sic] of their hands, and their [sic] are No Checks, and Balances within the Kansas Prisons of this State ... and they both has Refused and Denied me my Legal-Personal-Property of my T.V., and Radio.

The Trial Court entered a written order, which states in part:

Having examined the complaint, the court finds plaintiff has alleged only broadly that the imposition of the incentive system is unfair and abusive. He has failed to identify any argument which might be construed as a constitutional challenge to the incentive plan, and the court finds the complaint states no more than a broad challenge to a state regulation. These allegations are insufficient to state a claim for relief under § 1983, which provides a remedy for violations of constitutionally-protected interests.

Mr. Elliott appeals this decision arguing, in part:

[T]he KDOC, and all institutions of said state [of Kansas] makes great deals of money by through the ... inmate store(s) .... Mr. Elliott, he is the full and unqualified owner, and entitled to the present possession of ... 1 ... T.V., and 1 ... Radio ....

Mr. Elliott's pleadings are vague, filled with conclusions and nearly unintelligible. He asserts he is being illegally held. He complains of various

-3-

prison programs. He apparently argues he is entitled to the return of his TV and radio.

Applying the rules of liberal construction we afford pro se pleadings, *see Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996), if Mr. Elliott is arguing he is illegally held and wishes to challenge his conviction, a civil rights civil suit cannot be used to raise this issue. Instead, Mr. Elliott should file a habeas petition.

Again, applying the rules of liberal construction, if Mr. Elliott is arguing the defendants wrongfully took his TV and radio, a § 1983 suit is not the proper action. See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), holding intentional deprivations of property do not violate the Due Process Clause if adequate state post-deprivation remedies are available.

As we can discern no error by the trial court, the judgment is affirmed. The mandate shall issue forthwith.[1]

---

[1] Petitioner is further notified that he is under a continuing duty to pay the partial filing fee required in this court under the provisions of the Prison Litigation Reform Act. Failure to pay these fees will be recorded by the office of the Clerk of the Court of the United States Court of Appeals. Information regarding failure to pay fees as required by law will be provided to the court upon

**Entered for the Court**


**WADE BRORBY**
United States Circuit Judge

---

the filing of any future appeals in this court.