Theodore **BENGLEN** Plaintiff,

v.

**Aristedes W. ZAVARAS, Executive Director, Colorado Department of Corrections, Ron Ditmore, Colorado Department of Corrections, Bill Zalman, Colorado Department of Corrections, Director of out of state and contract facilities, Ron Scott, Warden Bowie County Correctional Facility, Mary Choate, Sheriff Bowie County, Texas, and Does 1 Through 20, Presently Unknown by Easily Identifiable Through Discovery, In Their Individual and Official Capacities Acting under Color of State Law, Defendants.**

No. Civ.A. 96–K–2059.

United States District Court,
D. Colorado.

June 11, 1998.

Scott D. Helker, Helker Law Offices, Arvada, CO, for Plaintiff.

David Brougham, Tracey Robinson, Hall & Evans, L.L.C., Paul S. Sanzo, First Assistant Atty. General, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is one of several prisoner civil rights actions in which individual prison inmates seek to recover damages for injuries they sustained after they were transferred from Colorado facilities to facilities in Texas due to overcrowding. This particular action, based on two separate incidents involving Plaintiff during his stay at the Bowie County (Texas) Correctional Facility (BCCF), is before me on the objection of Defendant Aristedes Zavaras under Fed.R.Civ.P. 72(b) to the May 8, 1998 Recommendation of Magistrate Judge Borchers.

Zavaras, who was the Executive Director of the Colorado Department of Corrections (DOC) at all times relevant to this action, objects to the magistrate's recommendation that his Motion to Dismiss be granted as to only one of Plaintiff's three claims against him. Zavaras argues the Magistrate Judge misapplied the applicable legal standards re-

lated to personal and supervisory liability under 42 U.S.C. § 1983 and asserts his Motion should have been granted as to all three claims. I agree.

Under Rule 72(b), my review is *de novo* and I may accept, reject, or modify the recommendation of the Magistrate Judge. I sustain the objection and grant Zavaras's Motion to Dismiss in its entirety. Plaintiff's allegations fail to state a claim upon which relief may be granted against the DOC Executive Director.

## I. *DISCUSSION.*

 The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eight Amendment of the United States Constitution. *Farmer v. Brennan,* 511 U.S. 825, 831, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)(citing *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). In its prohibition against "cruel and unusual punishments," the Eight Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *Id.* (citing *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). It also imposes affirmative duties on officials to provide humane conditions of confinement. "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)).

The Amended Complaint describes two incidents for which Plaintiff claims Zavaras is liable. The first occurred on September 23, 1995, when Plaintiff claims an "unknown" law enforcement official of the Bowie County Texas Sheriff's Department "attacked" him and "struck [him] with a rifle butt to the groin." (Am. Compl. at ¶ 15.) The second occurred days later on October 5, 1995, when Plaintiff claims he was "brutally attacked without provocation and severely beaten by three [BCCF] inmates" and that the attack

was observed by other "unknown" law enforcement officers who rendered no aid. (*Id.* at ¶ 16.) Plaintiff asserts Defendants, including Zavaras, knew BCCF was a "substandard facility" with "inadequately trained personnel." (¶ 13). but transferred him there anyway. (¶ 20.) Plaintiff claims Defendants' conduct violated his Eighth Amendment Rights in three ways: (1) by constituting the use of excessive force; (2) by demonstrating deliberate indifference to his serious medical needs; and (3) by failing to protect him from assault and battery at the hands of fellow inmates.

Plaintiff underwent emergency surgery as a result of the October 5 beating and sustained a 70% loss of vision in one eye. He seeks an award of compensatory damages and his reasonable attorney fees under 42 U.S.C. §§ 1983 and 1988.[1]

### A. *Legal Standard.*

For the purposes of the instant motion, I will assume all of Plaintiff's allegations to be true and will draw all reasonable inferences from those allegations in Plaintiff's favor. Also for the purposes of the instant motion, I will assume Plaintiff's allegations state cognizable Eighth Amendment claims against the unknown Texas officials who beat Plaintiff on September 23, 1995 and those who sat by as Plaintiff was attacked by fellow inmates on October 5, 1995, and failed to render him aid. I do so to focus attention on the threshold issue raised by Defendant Zavaras in his Motion, namely, whether Plaintiff's allegations are adequate to hold him personally liable for Plaintiff's injuries. I find they are not.

### B. *Liability for Injuries Inflicted by the Unknown Guard.*

 While it is clear that prison guards may not use excessive force against prisoners, it is equally clear that their superiors cannot be held vicariously liable for such conduct under § 1983. *Rizzo v. Goode,* 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Rather, there must me an "affirma-

---

1. Plaintiff also seeks undisclosed declaratory relief, which, as the Magistrate Judge correctly pointed out, is subsumed in a related class action brought on behalf of all inmates who were transferred to Texas from Colorado during the rele-

vant time period. Plaintiff is a member of the certified class in Civil Action No. 95–K–1878, on whose behalf the ACLU and private counsel are concurrently seeking equitable and injunctive relief.

tive link" between the violation and the superior's own actions. *Id.* (in police misconduct case, link must demonstrate superiors' authorization or approval of such misconduct), *applied in Kite v. Kelley*, 546 F.2d 334, 337–38 (10th Cir.1976)(allegations failed to establish "affirmative link" between actions of FBI agent who unlawfully disclosed names and his superior) *and Mitchell v. Maynard*, 80 F.3d 1433, 1440–41 (10th Cir.1996)(where plaintiff failed to name guards who beat him and offered no evidence to link warden and director of correctional facilities to the guard's actions, Eighth Amendment claim properly dismissed). Plaintiff's allegations regarding Defendant Zavaras fail to establish the necessary affirmative link to the actions of the unknown Texas guard.

Plaintiff's allegations regarding the September 23 incident do not mention Zavaras directly, Instead, Plaintiff avers generally that "Defendants, jointly and individually, and by being personally advised as to the conditions at BCCF, did knowingly acquiesce, condone, ignore, encourage and assist, by their action or inaction, the others in a deliberate effort to transfer prison inmates to other states where they would be subjected to harsh, punitive, oppressive and indiscriminate treatment with a total disregard to [sic] their rights, privileges, and immunities under the law." (Am. Compl. at ¶ 20.) Reading this assertion in the light most favorable to Plaintiff, the most that can be said is that Zavaras knew BCCF was a substandard facility with inadequately trained personnel and deliberately transferred Plaintiff and other prisoners to a place where unconstitutional treatment was likely. The assertion is insufficient as a matter of law to support either personal or supervisory liability against Zavaras under § 1983.

Plaintiff does not allege Zavaras personally participated in the incident in which he was injured. Nor does he allege Zavaras, the Director of the Colorado DOC, ever supervised, trained or had any contact with the unknown Texas guard who attacked him. The link between the guard's conduct and Zavaras's decision to transfer Colorado inmates to Texas is simply too tenuous to support liability under § 1983. *See Grimsley v. MacKay*, 93 F.3d 676, 680 (10th Cir.1996)(applying *Mitchell* and finding no

basis for personal or supervisor liability of prison administrators whose only link to plaintiff's injury from attack by fellow inmates was past participation in the formulation of prison regulations and acknowledgment of a general need to train guards). Plaintiff's claim against Zavaras based on the attack by the unknown Texas guard fails as a matter of law and is dismissed.

#### C. Liability Related to Inmate Attack.

Plaintiff's second and third claims for relief arise out of the incident in which Plaintiff asserts he was attacked and beaten by fellow inmates at BCCF. Plaintiff claims Defendants' failure to prevent and protect him from inmate attack and their failure to provide him with adequate medical care afterwards violated his Eighth Amendment rights.

The Eighth Amendment has been interpreted to impose a duty on prison officials to protect those in custody from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). *Farmer* articulates a two-part test for determining when those responsible for an inmate's safety may be constitutionally liable for injuries suffered at the hands of other inmates. First, the deprivation "must be, objectively, 'sufficiently serious'" as to constitute a "denial of 'the minimal civilized measure of life's necessities.'" *Farmer* at 834, 114 S.Ct. 1970 (citations omitted). Second, the inmate must establish that the prison official has a "'sufficiently culpable state of mind,'" that is, that he was "deliberately indifferent to the inmate's health or safety." *Id.* at 834–35, 114 S.Ct. 1970 (citations omitted).

For purposes of the instant motion, I assume Plaintiff's allegations satisfy the first prong of the *Farmer* test. *C.f. Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir.1996)(inmate's fear of potential, rather than actual, physical assaults by other inmates failed to meet the first prong of the *Farmer* test). The question for consideration is whether Plaintiff has alleged facts from which it can be inferred that Zavaras had a "sufficiently culpable state of mind" to hold him liable for Plaintiff's injuries related to the inmate attack and the failure thereaf-

ter to provide him with adequate medical care.

■ The second *Farmer* requirement follows from the principle that " 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970 (quoting *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). "Deliberate indifference" as contemplated to support claims based on inmate attacks or a disregard of medical needs is a state of mind "more blameworthy than negligence" but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S.Ct. 1970.[2] Agreeing that the standard in non-excessive force cases is essentially one of recklessness, the Court in *Farmer* set out "fully [to] answer" the question about the level of culpability deliberate indifference entails, "for the term recklessness is not self-defining." *Id.* at 836, 114 S.Ct. 1970.

Rejecting petitioner's invitation to adopt an objective test for deliberate indifference based on the *Canton v. Harris* standard for imputing municipal liability for the constitutional violations of its employees,[3] the Court held that a subjective test applies to the "quite different" question of the proper standard for holding an individual liable under the Punishments Clause of the Eighth Amendment. *Id.* at 837–42, 114 S.Ct. 1970.

■ As articulated by the Supreme Court in *Farmer*, a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837 & 847, 114 S.Ct. 1970. Specifically,

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference.*

511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). Even a most generous reading of the Amended Complaint fails to reveal allegations to satisfy this standard.

Other than the assertion that Zavaras "deliberately" transferred Plaintiff to Texas knowing the "substandard" conditions there, Plaintiff offers no facts from which the inference could be drawn that a substantial risk of inmate attack existed and that Zavaras drew that inference. The Amended Complaint states generally that, "due to Defendants' deliberate indifference, the conditions at BCCF were substandard with inadequately trained personnel," which he apparently believes led to the attack. (¶ 27 .) Plaintiff identifies no specific risk of which Zavaras knew or should have known and fails to mention the risk of inmate attack at all. While Plaintiff states he made "repeated efforts" on October 5, 1995 to notify supervising personnel at BCCF that he was in imminent danger of attack, he does not state that Zavaras had notice or that he made any attempt to notify him. Nor does Plaintiff allege, as the example deemed sufficient in *Farmer* provides, that the risk of inmate attacks at BCCF was so " 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' " that Zavaras " 'must have known' " about it. *Id.* at 842, 114 S.Ct. 1970 (citations omitted).

Plaintiff fails also to allege that Zavaras was aware of his need for medical treatment after the attack or that Zavaras disregarded that need. In fact, Plaintiff's only allegation

---

**2.** Although not implicated here because it was assumed above, I note that a heightened standard of "deliberate indifference" applies in excessive force cases. *Farmer*, 511 U.S. at 835, 114 S.Ct. 1970. Given that the decision to use force against inmates is "typically made 'in haste, under pressure, and frequently without the luxury of a second chance' [citations omitted], an Eighth Amendment claimant [alleging excessive force] must show more than 'indifference,' deliberate or otherwise." *Id.* Instead, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing

harm' [citation omitted], or, as the Court also put it, that officials used force with 'a knowing willingness that [harm] occur.' " *Id.* (quoting *Hudson v. McMillian*, 503 U.S. at 7, 112 S.Ct. 995).

**3.** In *Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the Court held a municipality may be liable under a "deliberate indifference" standard for the constitutional torts of its employees when it disregards "obvious" needs regarding the training of those employees. *Discussed in Farmer*, 511 U.S. at 841–42, 114 S.Ct. 1970.

regarding his medical treatment was that the Texas medical and corrections officials had a "duty to exercise the knowledge, skill and ability ordinarily possessed .... by officials similarly situated" and that they "breached that duty" and were "deliberately indifferent." (Am.Compl. ¶¶ 23–24.) At most these allegations assert a claim for negligence, which is not cognizable under § 1983.

## II. CONCLUSION.

Based on the foregoing analysis, I conclude the Motion to Dismiss filed by Defendant Zavaras should be GRANTED. The Amended Complaint fails to state a claim against Defendant Zavaras for violating Plaintiff's Eighth Amendment Rights. Plaintiff's claims against Defendant Zavaras are DISMISSED in their entirety.

With the exception of the recommendation on Zavaras's Motion to Dismiss, I ADOPT the May 8, 1998 Recommendation of the Magistrate Judge as an Order of the court. Accordingly, IT IS ORDERED that Plaintiff's Motion to Amend his Complaint is GRANTED; that the First Amended Complaint become the controlling document in the case; that Defendant Romer be DISMISSED from this case; and that the Motion for Transfer and Change of Venue filed by the named Texas Defendants be denied without prejudice. This matter is re-referred to Magistrate Judge Borchers for further pretrial proceedings.