**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RUSSELL M. BOLES,

        Plaintiff-Appellant,

v.

FENTON SECURITY, INC. OF
COLORADO, KERRY BYNES, and
HARVEY DOOLEY,

        Defendants-Appellees.

No. 99-1062
(D.C. No. 97-B-1742)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Russell M. Boles, appearing *pro se*, appeals from the dismissal with prejudice of his civil rights claims brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review *de novo* the dismissal under Fed. R. Civ. P. 12(b)(6) of a prisoner civil rights complaint for failure to state a claim. *See Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996). A complaint should not be dismissed under this rule "unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.* In making this determination, a court presumes all of plaintiff's factual allegations are true, construing them in the light most favorable to the plaintiff. *See id.* at 1202. If the plaintiff is *pro se*, a court construes his pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers. *See id.*

> The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail, . . . and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint . . . . Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

*Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted)).

Plaintiff was incarcerated at the Park County Detention facility for approximately four months in 1996. The facility is owned by defendant Fenton Security, Inc., and the other two defendants were the chief administrator and assistant chief administrator at the time relevant to the complaint. Plaintiff filed his original complaint in September 1997. To avoid dismissal under 28 U.S.C. § 1915(e)(2)(B) (1997 Supp.), the district court outlined in detail the flaws in the complaint and directed him to amend it. *See* R. Doc. 21. Plaintiff attempted to do so, filing an amended complaint in February 1998.

In plaintiff's amended complaint, he raised four claims. They include: (1) his right of access to courts was denied because some of his legal papers were confiscated when he was transferred to the facility; (2) while at the facility, he was denied adequate medical treatment for his colitis and altitude sickness in violation of the Eighth Amendment; (3) he was exposed to unsanitary and dangerous conditions in regard to food preparation while at the facility; and (4) his personal safety was jeopardized while housed there. Defendants filed a motion to dismiss the amended complaint.

The motion to dismiss was referred to a magistrate judge, who carefully reviewed the amended complaint and recommended dismissal of all claims except for the claims against defendants Dooley and Bynes concerning plaintiff's diet. *See* R. Doc. 53, at 13-14. Plaintiff, Dooley, and Bynes filed objections to the

recommendations. The district court adopted the recommendations for dismissal but rejected the recommendation that the diet claim not be dismissed. The court concluded that the complaint failed to allege a sufficiently serious deprivation of medical care and a sufficiently culpable state of mind, and did not meet the deliberate indifference standard set forth by *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See* R. Doc. 62. We agree.

In the amended complaint, plaintiff alleged that the facility's doctor agreed that a "diet high in 'organic fiber', low in fat, low starch, and low carbohydrates" was proper treatment for his colitis and "ordered it be administered." R. Doc. 22, at 6. Plaintiff, who is Jewish, stated that the diet was "remarkably similar in many respects to a strict Kosher diet," *id.*, and requested that the facility provide him with Kosher foods. *See* R. Doc. 4, attachment 4. The complaint does not allege, however, that the doctor prescribed a Kosher diet, and the documents submitted with plaintiff's complaint indicate only that defendant Bynes rejected plaintiff's request for a Kosher diet. *See id.* The amended complaint states that defendants Dooley and Bynes, "both concurring, denied the doctor ordered diet . . . because of cost" but allowed him to prepare his own food. R. Doc. 22, at 7. The amended complaint alleges that his inability to get a consistent and adequate diet put him "on a never ending roller-coaster of sickness in varying degrees" for which the facility doctor could not find the "nature of the problem." *Id.* Thus,

according to plaintiff's statement of the facts, it appears that the doctors did not specifically connect plaintiff's health problems with diet.

The complaint also alleges that, although a doctor recommended that he be immediately transferred to a medical facility for further diagnosis, he was not transferred for two months. The complaint alleges that doctors at the diagnostic facility determined that his breathing problem was likely caused by altitude sickness, which, to plaintiff, meant that he had been placed in danger of death while at the Park County facility. *See id.* at 7-8. We disagree with plaintiff's conclusion. Significantly, however, the complaint does not allege that any harm arose from the two-month delay in transfer.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle* , 429 U.S. at 104 (citation omitted). To state a cognizable Eighth Amendment claim, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* at 106. We agree with the district court that plaintiff's complaint failed to state a claim for which relief may be granted in regard to his medical needs. For substantially the same reasons as stated in the

magistrate judge's recommendations, we also conclude that the district court properly dismissed the rest of plaintiff's claims.

Plaintiff's motion for leave to proceed on appeal without prepayment of costs or fees is GRANTED. The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge