**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND E. SOMMERVILLE,

      Plaintiff-Appellant,

v.

STATE OF KANSAS; CITY OF
MAHASKA, KANSAS,

      Defendants-Appellees.

No. 12-3015
(D.C. No. 5:11-CV-04105-RDR-KGS)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

Plaintiff Raymond E. Sommerville, proceeding pro se and *in forma pauperis*, challenges dismissal of his complaint for lack of subject matter jurisdiction and failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

As the district court noted, "[t]he nature of [P]laintiff's complaint is uncertain." Aplt. App. at 48.  Mr. Sommerville sued Defendants State of Kansas and the City of Mahaska, alleging the following complaints, as summarized by the district court: "(1) [Mr. Sommerville has] been threatened in open council meetings; (2) [Mr. Sommerville has] been threatened by [a certain] council member [] in [Mr. Sommerville's] driveway; (3) [Mr. Sommerville has] been told that it would cost $10 per hour to see certain records; (4) [Mr. Sommerville has] been forced to pay for trash/garbage pickup when he does not use the service; and (5) [Mr. Sommerville has] been threatened with water shutoff for nonpayment of his trash/garbage bill." *Id*. at 49 (internal quotation marks omitted).  He sought the following relief: "(1) declare unconstitutional the law that requires him to pay for a service that is not wanted or needed; (2) a judgment stopping cities from violation of the laws they are suppose[d] to uphold; (3) require the State of Kansas to stop the abuse of power by its cities; and (4) conduct the investigations that are necessary." *Id*. (internal quotation marks omitted).  He also sought $10,000,000 in damages.

Defendant State of Kansas sought dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on Eleventh Amendment immunity.  Defendant City of Mahaska moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court granted Defendants' motions and dismissed the complaint.  Mr. Sommerville appealed.  In his appellate brief, Mr. Sommerville included new

complaints that Defendants twice violated his voting rights by closing polls early and moving poll locations.

We review de novo a district court's dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction based on Eleventh Amendment immunity. *See Elephant Butte Irrigation Dist. of N.M. v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998). We review a district court's dismissal of a § 1983 complaint for failure to state a claim de novo.[1] *See Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996). "If the plaintiff proceeds *pro se*, the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle*, 83 F.3d at 1202. "However, the broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id*. (alterations and internal quotation marks omitted). In his appellate brief, Mr. Sommerville has failed to offer any basis on which to question the correctness of the district court's rulings.[2]

---

[1]    The district court assumed that Mr. Sommerville was asserting a claim under 42 U.S.C. § 1983.

[2]    We will not address the issues Mr. Sommerville raises for the first time on appeal. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002).

We accordingly **AFFIRM** the district court's dismissal of Mr. Sommerville's claims for substantially the same reasons given by the district court.[3]

Entered for the Court


Jerome A. Holmes
Circuit Judge

---

[3] The magistrate judge granted Mr. Sommerville's request for *in forma pauperis* status. Defendant State of Kansas sought review of that order in the district court on the grounds that the magistrate did not first screen Mr. Sommerville's claim, as required by 28 U.S.C. § 1915(e)(2)(B). The district court held Defendant's motion for review of the magistrate's order was moot in light of the Rule 12(b)(1) dismissal. While it is true that the court must "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted[,]" we agree with the district court that the issue was moot in light of the Rule 12(b)(1) dismissal. 28 U.S.C. § 1915(e)(2)(B).