F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 7 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ANGELA C.R. DESERRATO,

Plaintiff-Appellant,

v.

STATE FARM INSURANCE
COMPANY, Bloomington, Illinois,

Defendant-Appellee.

No. 96-4088
(D.C. No. 96-CV-63)
(D. Utah)

ORDER AND JUDGMENT[*]

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Angela DeSerrato appeals from a district court order dismissing her civil rights action filed pursuant to 42 U.S.C. §§ 1983 and 1985. Plaintiff brought this action to redress defendant State Farm Insurance Company's alleged failure to settle a third-party insurance claim arising out of a motor vehicle accident. The magistrate judge recommended dismissal because plaintiff's allegations did not show any action under color of state law, required by § 1983, or a discriminatory animus, necessary under § 1985(3). After plaintiff submitted a brief set of inapposite objections, the district court adopted the magistrate judge's recommendation and dismissed the case.

We are in complete agreement with the analysis approved by the district court. While a pro se litigant is entitled to a liberal construction of her pleadings, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) (quotation omitted). The authorities cited by the magistrate judge conclusively establish the fatal legal deficiencies in plaintiff's pleadings.

In plain terms, the civil rights statutes invoked here do not provide a general remedy for wrongful conduct. They were passed to address specific issues of particular importance in this country following the civil war. Above all, they were meant to ensure universal respect for every citizen's federally

guaranteed rights, i.e., rights created by the United States Constitution and congressional enactments. Accordingly, principles of state law, such as the contractual rights and tort duties relied on by plaintiff, do not form the basis for § 1983 or § 1985(3) suits. Further, the civil rights statutes were primarily directed at abuses of government power. Thus, § 1983 affords no remedy even for the violation of federal rights unless the wrongdoer exercised some authority conferred by the state--typically by acting within the scope of government employment or agency. Plaintiff's allegations, which assert private corporate misconduct, do not satisfy this condition. While § 1985(3) does not require action under color of state law, it substitutes the condition that the prohibited conduct involve racial, or similar class-based, discrimination. This element is

also absent here.  In short, irrespective of any merit they may possess, plaintiff's objections regarding her treatment by State Farm are simply beyond the limited reach of the federal statutory remedies she has invoked.

The judgment of the United States District Court for the District of Utah is AFFIRMED.  Plaintiff's motions to supplement the record are denied.  The mandate shall issue forthwith.

Entered for the Court


John C. Porfilio
Circuit Judge