**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARY FRANCES BENNETT, also
known as Freonia Hampton, also
known as Mary Deal,

    Defendant - Appellant.

No. 97-6063
(D.C. No. CR-89-132-R)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **MCKAY** and **LUCERO**, Circuit Judges.

    Defendant, Mary Frances Bennett, was charged in an 11 count indictment
of various drug and drug-related violations involving cocaine base and
phencyclidine, as well as the carrying of a firearm while drug trafficking in
violation of 21 U.S.C. §§ 846, 841(a)(1), and 856(a)(2), and 18 U.S.C. §

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

924(c)(1). Following a four-day trial, the jury returned a verdict of guilty on all counts. We affirmed that conviction. United States v. Bennett, 930 F.2d 35 (10th Cir. 1991).

Several years later, defendant filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure challenging the trial court's jurisdiction in criminal cases. Citing 18 U.S.C. § 3231, under which the district courts of the United States "have original jurisdiction . . . of all offenses against the laws of the United States," the district court denied the motion as "obviously frivolous." See Appellant's Br., Ex. C.

Ms. Bennett was, and remains, adamant that her motion was filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b), however, has no application whatever to criminal matters. We would typically be inclined to construe Ms. Bennett's pro se motion liberally, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), as one filed pursuant to 28 U.S.C. § 2255, which provides an appropriate means to raise collateral challenges to jurisdiction. But Ms. Bennett's motion states unequivocally that it is not to be construed as a motion under 28 U.S.C. § 2255, an insistence firmly maintained on appeal. We must therefore find that the appellant was, and is, aware of 28 U.S.C. § 2255, and has specifically chosen not to invoke its provisions.

Because the rules of civil procedure cannot provide Ms. Bennett with the relief she seeks, the order of the district court is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge