**F I L E D**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENCH CIRCUIT**

ROY A. DAY, on behalf of himself
and as class action on behalf of others
similarly situated,

　　　　Plaintiff - Appellant,

v.

IOMEGA CORPORATION; KIM B.
EDWARDS; and JIM SIERK,

　　　　Defendants - Appellees.

No. 98-4178

(D.C. No. 98-CV-72-G)

(D. Utah)

**ORDER AND JUDGMENT*

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Plaintiff Roy A. Day appeals the district court's dismissal of his complaint

without prejudice for failure to serve pursuant to Rule 4(m) of the Federal Rules

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of Civil Procedure.

This case stems from a complaint filed by Plaintiff on May 28, 1998, in which he alleged fraud and injury and requested money damages and declaratory relief. Plaintiff subsequently filed a motion for a temporary restraining order or a preliminary injunction. The magistrate judge recommended that the motion be denied because Plaintiff did not demonstrate a likelihood of success on the merits of his claims; he did not show that irreparable injury would result if the requested relief was not granted; and his claims, alleged injury, and redress, if any, could be determined in the regular course of litigation. After reviewing the magistrate judge's report and recommendation and Plaintiff's objections thereto, the court adopted the recommendation of the magistrate judge and denied Plaintiff's motion for a temporary restraining order or a preliminary injunction.

On August 17, 1998, Plaintiff filed a motion for sanctions and a motion for a default judgment against Defendants, claiming that they had failed to timely appear. However, the district court ordered Plaintiff "to show cause why [the] case should not be dismissed for failure to serve the defendants with the summons and complaint within 120 days after the filing of the complaint" as required by Rule 4(m) of the Federal Rules of Civil Procedure. R. at Doc. 14. The court ordered Plaintiff to serve Defendants and file proof of service within ten days of the date of the order, September 22, 1998. Plaintiff responded by claiming that he

had timely served Defendants "pursuant to judicial economy, and the parties [had] refused to answer in a timely manner," id., Doc. 15 at 1, because they did not respond to his request for waiver under Rule 4(d). He also asked the court to grant his outstanding motions or, in the alternative, to grant him 365 days to serve Defendants.

In an Order filed September 30, 1998, the district court dismissed Plaintiff's complaint without prejudice, stating that Plaintiff not only failed to advance any legitimate reason for his failure to comply with the Federal Rules of Civil Procedure but also failed to serve Defendants pursuant to the show cause order. In addition, the court indicated that Plaintiff did not show good cause to persuade the court to grant him additional time to comply.

Plaintiff then filed several motions requesting that the rules and statutes relied upon by the federal courts be declared illegal and void. He also filed a motion to vacate the court's order dismissing his complaint, claiming that it was fraudulent and that the district court judge was biased. Although the district court had not yet ruled on these motions, Plaintiff filed a notice of appeal from the September 30, 1998 Order and a motion for leave to proceed on appeal *in forma pauperis*. The district court granted the motion to proceed on appeal *in forma pauperis*, and this court issued an order abating the proceedings on appeal until the district court disposed of Plaintiff's outstanding motions.

In response to Plaintiff's motion to vacate, the case was reassigned to a different district court judge. After reassignment, the court affirmed the dismissal Order filed on September 30, 1998, finding that Rule 4(d) did "not absolve Plaintiff of the duty to serve defendants in accordance with" Rule 4(m). <u>Id.</u>, Doc. 28 at 1. In his appeal to this court, Defendant submitted three motions: (1) to declare void, null, and illegal the rules and statutes relied on by the district court; (2) for a writ of mandamus to the Honorable Dale A. Kimball; (3) and for summary reversal. In an Order filed November 23, 1998, this court advised Plaintiff that any of his pleadings which did not comply with the Federal Rules of Appellate Procedure and the Tenth Circuit Rules would be stricken and that his petition for writ of mandamus is ineffective without a proper pleading and docket fee. No parties have yet been served.

Having thoroughly reviewed the record and Plaintiff-Appellant's brief, we conclude that Plaintiff's appeal has no merit. First, Plaintiff never actually requested Defendants to waive formal service under Rule 4(d). Although the record contains several letters written by Plaintiff to Defendants informing them of his displeasure with their product and of his commencement of a federal lawsuit against them, none of the letters, nor any of Plaintiff's other filings, comport with the requirements of Rule 4(d)(2), the procedure by which a plaintiff properly may request waiver of service. <u>See</u> Fed. R. Civ. P. 4(d)(2).

-4-

Second, and more importantly, even if Plaintiff had properly pursued a waiver under Rule 4(d), the district court correctly reasoned that a defendant's failure to waive process under Rule 4(d) only results in the imposition of costs subsequently incurred in effecting service when both parties are located within the United States. Cf. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 938 (5th Cir. 1999) (stating that *if* a defendant waives service of process, he must answer or risk default). The intent of this rule is to eliminate the costs of formal service of process while ensuring that a defendant obtains notice of the suit and "to foster cooperation among adversaries and counsel." Fed. R. Civ. P. 4 advisory committee notes, 1993 Amendments to Subdivision (d). At the same time, however, the rule clearly contemplates that if a defendant refuses to waive formal service of process, "the action will not otherwise proceed until formal service of process is effected," id., and the plaintiff is still subject to the time limitations under Rule 4(m). As a result, even if Defendants had refused to waive service of process, Plaintiff was required to formally serve process under Rule 4 and failed to timely do so.

Finally, while we construe Plaintiff's pro se pleadings liberally, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), his pro se status does not excuse him from the obligation "to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County,

32 F.3d 452, 455 (10th Cir. 1994), <u>cert. denied</u>, 513 U.S. 1090 (1995). Further, contrary to Plaintiff's argument, this court has never said that a party proceeding *in forma pauperis* is relieved from the duty of complying with the federal procedural rules nor have we stated that we construe the pleadings of an *in forma pauperis* litigant liberally.

For these several reasons, we affirm the district court's dismissal of Plaintiff's complaint without prejudice.

We also deny Plaintiff's motion to declare invalid the rules and statutes by which the federal courts operate, his motion for summary reversal, and his motion for a writ of mandamus.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge