**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 98-5195 |
| v. | (D.C. No. 97-CV-768-K) |
| JOSE HERNANDEZ DELEON, | (N.D. Okla.) |
| Defendant-Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining Defendant-Appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Jose Hernandez DeLeon, proceeding pro se, appeals the district court's dismissal of his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On May 17, 1996, Defendant pleaded guilty to distributing marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He is currently serving a 136-month sentence to be followed by eight years' supervised release. Although Defendant did not directly appeal his sentence, on August 21, 1997, he filed this § 2255 motion in which he claimed that the government breached its plea agreement and that he was denied effective assistance of counsel. His ineffective assistance claim alleged that (1) counsel failed to investigate both the case generally and specific witnesses who would have supported his alibi; (2) counsel coerced and threatened him into pleading guilty; (3) counsel failed to object to a two-point increase based on firearm possession; and (4) counsel failed to object and prove that Defendant was not a manager or supervisor of criminal activities. The district court denied his motion concluding that, although Defendant had voluntarily and knowingly waived his rights to appeal and to seek collateral review, it would reject Defendant's claims in any event because they lacked merit. See R., Vol. 1, Doc. 69 at 11, 14. The court subsequently denied Defendant's motion for a certificate of appealability.

To appeal the district court's dismissal of his § 2255 motion, Defendant must obtain a certificate of appealability. We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). On appeal, Defendant raises

essentially the same issues, arguing that the resolution of his ineffective assistance claims is "[s]urely . . . debatable among jurists of reason and could be decided in a different manner." Appellant's Motion for C.O.A. at 8. He also contends that his claim that the government breached his plea agreement should be remanded for an evidentiary hearing and for expanded discovery.

Having construed Defendant's pro se pleadings liberally, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), and having thoroughly reviewed his brief, his motion for a certificate of appealability, and the record, we conclude that Defendant has failed to make the requisite substantial showing of the denial of a constitutional right. The district court correctly determined that the issues raised by Defendant are not debatable among jurists, nor could a court resolve the issues in a different manner. As a result, we deny him a certificate of appealability and dismiss this appeal.[1]

DENIED and DISMISSED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1]Because the district court granted Defendant's motion to proceed *in forma pauperis* on appeal, we need not address his motion to this court to proceed without prepayment of costs or fees. Title 28 U.S.C. § 1915 prescribes the method by which Defendant shall pay costs and fees.