**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

FRANKIE L. GRIMES,

       Plaintiff-Appellant,

v.

BOBBY BOONE, Warden of the Mack
Alford Correctional Center; BRUCE
HOWARD, Deputy Warden at Mack
Alford Correctional Center; BETH
LEADER, D.O., Doctor of Osteopathy
at Mack Alford Correctional Center
a/k/a Dr. Leader; T. Q. PHAM, M.D.,
Oriental Doctor at Mack Alford
Correctional Center; MARCUS
POGUE, Chief of Medical Services at
Mack Alford Correctional Center;
STEVE SNIDER, Food Service
Manager at Mack Alford Correctional
Center; and JIM RUTHERFORD,
Food Service Supervisor at Mack
Alford Correctional Center,

       Defendants-Appellees.

No. 98-7182
(D.C. No. 97-CV-712)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Frankie L. Grimes appeals the district court's dismissal of his civil rights complaint. Plaintiff, proceeding pro se, brought this action on December 9, 1997, pursuant to 42 U.S.C. § 1983. He claimed that conduct by prison officials relating to his health amounted to cruel and unusual punishment in violation of the Eighth Amendment, and he sought both monetary and injunctive relief. The district court entered a stay of proceedings and ordered prison officials to investigate Plaintiff's complaint and submit a report pursuant to Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), together with an answer or other dispositive motion. On July 13, 1998, Defendants filed the Martinez report along with a motion to dismiss or, in the alternative, a motion for summary judgment. On November 16, 1998, the district court entered a minute order granting the Motion to Dismiss/Motion for Summary Judgment because Plaintiff failed to timely reply under the Eastern District of Oklahoma's Local Rule 7.1(B). See E.D. Okla. R. 7.1(B) (requiring a pleading or a response to a motion to be

2

filed within fifteen days).  The court subsequently denied Plaintiff's motion for reconsideration and his request for appointment of counsel, but it granted Plaintiff's motion to proceed *in forma pauperis* on appeal.

Although the trial court did not err in dismissing for failure to timely reply, we examine the merits of Plaintiff's claims.  Plaintiff reasserts the arguments he made to the district court and claims that his untimeliness should be excused because he misunderstood the effect of the order staying proceedings.

In the motions to the district court and on appeal, Defendants have asserted several bases for dismissal, including the statute of limitations; res judicata; qualified immunity and Eleventh Amendment immunity; and failure to state a claim upon which relief may be granted.  While each of the defenses appears to have merit, we reach only the last one.  Even after construing Plaintiff's pro se complaint liberally, see Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996), we conclude that he has failed to state a claim upon which relief may be granted and that his complaint is legally frivolous.  At most, Plaintiff alleges misdiagnosis of his medical complaints, but he comes nowhere near alleging the deliberate indifference required by Estelle v. Gamble, 429 U.S. 97, 104 (1976), to establish an Eighth Amendment violation based on inadequate medical care.

The decision of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge