**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

—————————————————

MICHAEL LEE WIGHT,

    Plaintiff-Appellant,

v.

STATE OF UTAH; UTAH STATE TAX
COMMISSION; MURRAY CITY, UTAH;
THIRD DISTRICT COURT; FOURTH
DISTRICT COURT; MURRAY CITY POLICE
DEPARTMENT; HONORABLE JOHN C.
BACKLUND; HONORABLE MICHAEL K.
BURTON; HONORABLE FRATTO; UTAH
COUNTY SHERIFF'S DEPARTMENT;
CARSTAR & KEARNS TOWING; CITY OF
OREM, UTAH,

    Defendants-Appellees.

No. 99-4086
(D. Utah)
(D.Ct. No. 98-CV-793)

———————————————————

**ORDER AND JUDGMENT**[*]

———————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

———————————————————

After examining the briefs and appellate record, this panel has determined

———————————————————

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Michael Lee Wight, a litigant appearing *pro se*, appeals the district court's decision dismissing his complaint against Appellees for allegedly violating his civil rights in connection with various traffic infractions. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

In his complaint, Mr. Wight raised a host of general allegations, including claims that Appellees: (1) violated his constitutional rights; (2) "acted as a [f]oreign [s]tate"; (3) did not "use [g]old and [s]ilver [c]oin"; and (4) committed double jeopardy, conspiracy to defraud, false arrest, kidnaping, libel, breach of contract, abuse of force and unnecessary rigor, and fraud by wire, in connection with state charges brought against him for multiple traffic infractions and the towing and impoundment of his vehicle. Mr. Wight's traffic and other infractions included driving with an expired registration and suspended license, failure to maintain insurance, crossing a highway divide, improper display of license plates, failure to appear five times for a scheduled hearing resulting in a bench warrant, and arrest for failure to appear at two other judicial proceedings. All state

proceedings against Mr. Wight have concluded, except for the outstanding state warrant and the state charge concerning his lack of proof of insurance, which are still pending. Mr. Wight did not file direct or post-conviction actions in state court concerning his traffic or criminal cases.

Following motions to dismiss filed by the State of Utah, Orem City and Murray City, the district court dismissed Mr. Wight's complaint against all Appellees. On appeal, Mr. Wight alleges the district court improperly dismissed his complaint by applying principles of comity and Eleventh Amendment immunity. He renews his argument that impoundment of his vehicle constituted double jeopardy, and suspension of his driver's license violated his due process rights because he "was [d]eprived of a total of [f]ive [d]ays of [l]iberty" without a hearing or counsel, and because "the [j]udge was switched without [notice] ... in [violation] of the 5th, 6th, 8th and 14th Amendments."

In reviewing Mr. Wight's appeal, we take instruction from our decision in *Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996), in which we set forth the appropriate standard in reviewing a *pro se* complaint under 42 U.S.C. § 1983. Accordingly, we review the dismissal of Mr. Wight's complaint for failure to state a claim *de novo. Id.* at 1201. His complaint should not be dismissed under

-3-

Rule 12(b)(6) unless it appears beyond doubt he can prove no set of facts supporting his claim for relief. *Id.* In reviewing the sufficiency of the complaint, we presume all of Mr. Wight's factual allegations are true and construe them in the light most favorable to him. *Id.* at 1202. Because Mr. Wight is proceeding *pro se*, we construe his pleadings liberally and hold his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, a broad reading of his complaint does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim can be based. *Id.* Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. *Id.*

With these standards in mind, and after a careful review of the record, we determine the district court properly dismissed Mr. Wight's complaint. The district court correctly applied the well-established doctrines of Eleventh Amendment immunity in dismissing the complaint against the State, comity in dismissing Murray City and Orem City, and absolute immunity in dismissing the state district courts and judges acting in their judicial capacity. In addition, the district court properly determined Mr. Wight failed to sufficiently allege violation of his due process or other constitutional rights. In fact, Mr. Wight's complaint consists of a plethora of incoherent, unsupported constitutional and other

allegations arising out of sundry traffic infractions and the towing and impoundment of his vehicle. While Mr. Wight is obviously disgruntled with the traffic infractions for which he was charged, a careful reading of his complaint and other pleadings establishes he has provided no facts in support of his claim for relief. In sum, his complaint is based solely on conclusory allegations with no supporting factual averments sufficient to state a claim or cause of action.

Accordingly, the district court's decision dismissing Mr. Wight's complaint is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge