**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

SONNY LAUREN HARMON,

     Plaintiff-Appellant,

v.

BOB DAVIS; TIM D. KUYKENDALL, in his
official capacity as Garvin County District
Attorney,

     Defendants-Appellees.

No. 00-6233
(W.D. Okla.)
(D.Ct. No. 99-CV-405-C)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

_____

     [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Sonny Lauren Harmon, a state inmate appearing *pro se*, appeals the district court's order dismissing his 42 U.S.C. § 1983 action. We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm.

This § 1983 action arises following Mr. Harmon's guilty plea to charges of operating a chop shop, conspiracy to operate a chop shop and possession of a motor vehicle with an altered vehicle identification number. The State of Oklahoma also initiated civil forfeiture proceedings against Mr. Harmon under Oklahoma's Motor Vehicle Chop Shop, Stolen and Altered Property Act (Chop Shop Act), Okla Stat. tit. 47, §§ 1501 - 1508, and seized certain property. Mr. Harmon filed the instant § 1983 action, claiming certain state officials violated his constitutional rights in initiating the civil forfeiture proceeding and seizing his property. Two of the state officials named in Mr. Harmon's § 1983 complaint – *i.e.*, the county sheriff and a district attorney – filed motions to dismiss the action.

The district court referred the matter to a magistrate judge who issued an exceedingly thorough and exhaustive Report and Recommendation, recommending the district court grant the county sheriff's and district attorney's motions to dismiss the complaint under Fed. R. Civ. Proc. 12(b)(6) and 12(b)(1), respectively. The magistrate judge began by noting Mr. Harmon voluntarily

-2-

dismissed without prejudice two other named defendants – to wit, a private attorney and the "O.S.B.I.(Agent in Charge)" Next, the magistrate judge found Mr. Harmon's action against the other defendants barred by the statute of limitations, and that no statutory tolling provisions or equitable tolling applied in his case. The magistrate judge also concluded that Mr. Harmon's damage claim against the district attorney in his official capacity was barred by the Eleventh Amendment. Finally, the magistrate judge noted Mr. Harmon failed to identify or serve the county sheriff's deputies whom he generically referred to in his action. Although the period for serving the deputies had expired, the district court nevertheless considered several relevant factors before determining Mr. Harmon failed to show "good cause" warranting an extension of time to serve the deputies.

After Mr. Harmon filed objections thereto, the district court adopted the magistrate judge's Report and Recommendation and dismissed the action with prejudice against the district attorney and sheriff, and without prejudice against the unnamed sheriff's deputies. On appeal, Mr. Harmon raises the same issues raised in his § 1983 complaint and addresses the merits of those issues. He also argues the district court improperly applied the Oklahoma's statute of limitations and failed to toll the limitation period.

Regarding the issue of Eleventh Amendment immunity, we review *de novo* a district court's dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction. *See Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991). As to the district court's dismissal under Rule 12(b)(6), we take instruction from our decision in *Riddle v. Mondragon*, 83 F.3d 1197 (10th Cir. 1996), in which we set forth the appropriate standard in reviewing dismissal of a *pro se* complaint filed under 42 U.S.C. § 1983. Accordingly, we review *de novo* dismissal of Mr. Harmon's § 1983 complaint for failure to state a claim on which relief may be granted. *Id.* at 1201. Mr. Harmon's complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt he can prove no set of facts supporting his claim for relief. *Id.* In reviewing the sufficiency of the complaint, we presume all of Mr. Harmon's factual allegations are true and construe them in the light most favorable to him. *Id.* at 1202.

As to the unidentified sheriff's deputies, we review for abuse of discretion the district court's dismissal for failure to effect service. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). Because Mr. Harmon is proceeding *pro se*, we also construe his pleadings liberally and hold his pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Riddle*, 83 F.3d at 1201. However, a broad reading of his complaint does not relieve him of the burden of

alleging sufficient facts on which a recognized legal claim can be based. *Id.*

We have conducted a *de novo* review of Mr. Harmon's arguments, the magistrate judge's recommendation and propositions of law on which he relied, and the entire record on appeal. Our review leads us to conclude Mr. Harmon alleged no facts that, even if true, would support his claim for relief. This is due, in part, because the magistrate judge correctly determined Mr. Harmon's action is barred by the statute of limitations, and that no statutory or equitable tolling provisions apply in his case. Further, the magistrate judge also properly applied the well-established doctrine of Eleventh Amendment immunity in dismissing Mr. Harmon's complaint against the district attorney named therein. As to the unidentified and unserved sheriff's deputies, we agree with the district court's decision to dismiss the action against them without prejudice.

Accordingly, for substantially the same reasons set forth by the magistrate judge in the May 31, 2000 Report and Recommendation, and adopted by the district court in its June 26, 2000 Order of Dismissal, we **AFFIRM** the district court's dismissal of Mr. Harmon's § 1983 action. We remind Mr. Harmon of his obligation to continue making partial payments until the entire appeal fee is paid.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge