**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SAMANTHA LABRUM, a minor
child, STETSON LABRUM, a minor
child, and DANA HENSHAW, parent
and guardian of Samantha Labrum and
Stetson Labrum,

        Plaintiffs-Appellants,

v.

WAYNE COUNTY SCHOOL
BOARD; H. R. STAR; KATHY
WOOLSEY; DENNIS EKKER;
GEORGE MORRELL; DAVID
BRINKERHOFF; DARREN NELSON;
DAVE BEHUNIN; WAYNE
COUNTY SCHOOL DISTRICT,

        Defendants-Appellees.

No. 03-4106
(D.C. No. 2:02-CV-219-DB)
(D. Utah)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Dana Henshaw and her two minor children, Samantha and Stetson Labrum, appeal the district court's order granting summary judgment in favor of defendants on their 42 U.S.C. § 1983 civil rights complaint. We affirm.

Plaintiffs sued the Wayne County School District, its Board, and seven officers of the District (collectively, the District). Plaintiffs contend the District violated their constitutional equal protection rights by arbitrarily and capriciously refusing to establish a new school bus route that would provide them with school bus service from the county road nearest their home to the elementary school that Samantha and Stetson attend.

Plaintiffs live approximately three miles from the nearest school bus stop and fifteen miles from the elementary school. The District is a rural school district encompassing 2,400 square miles of territory; it has approximately 533 students and buses approximately 368 students. Under the governing Utah state administrative rules and standards, a minimum of ten children is required to create a new bus route or route extension. The District does not provide a bus stop closer than three miles from plaintiffs' home because there are not enough

-2-

children in that area. The District reimburses families, including plaintiffs, who live more than 1.5 miles from a bus stop for the cost of driving their children to the nearest bus stop. School districts are authorized to request special permission for an exception to the ten-student bus rule, and there are a few existing bus route segments in the District that serve children in areas with fewer than ten children. The District considered the feasibility of creating a bus route closer to plaintiffs, but concluded that the in-lieu reimbursement was significantly more cost-efficient than extending the existing route closer to plaintiffs' home.

Plaintiffs argue that the District's disparate treatment of similarly situated children violates their equal protection rights by arbitrarily and capriciously allowing some exceptions to the ten-student bus rule, but not allowing an exception for them. The district court ruled that the District did not violate the Equal Protection Clause because its classification of children to whom it provides nearby bus service was rationally related to a legitimate governmental interest.

We review the district court's summary judgment rulings de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). That is, we first consider if there is a genuine issue of material fact in dispute; if not, we then determine if the district court correctly applied the substantive law. *Id*.

"The Equal Protection Clause prohibits state and local governments from treating similarly situated persons differently." *Rector v. City & County of Denver*, 348 F.3d 935, 949 (10th Cir. 2003). "Unless a suspect class or fundamental right is implicated," neither of which is in this case, "a government's classification need only be rationally related to a legitimate government interest." *Id*. "[T]he burden is on the plaintiffs to establish that the [state action] is irrational or arbitrary and that it cannot conceivably further a legitimate governmental interest." *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996) (quotation and original alteration omitted). "Under the rational basis test, if there is a plausible reason [for the state] action, our inquiry is at an end." *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998) (quotation omitted).

Plaintiffs argue on appeal that the district court failed to consider their argument that the District was arbitrarily and capriciously applying the bus rules to discriminate against them, and erroneously ruled only that the rules were valid and facially constitutional. Plaintiffs also contend the district court improperly weighed the evidence in evaluating the District's summary judgment motion. We disagree with both contentions.

The district court expressly noted that plaintiffs did not contend that any of the bus rules were facially unconstitutional, and were arguing only that the District was arbitrarily and capriciously applying these rules. Aplt. App. at 263.

Contrary to plaintiffs' contention, the district court clearly ruled that the District was not arbitrarily and capriciously discriminating against them, but rather had rationally created a classification of students based on whether convenient bus service to them was cost-efficient.

Nor did the district court improperly weigh the evidence. The District presented rational, plausible reasons why it was economically feasible and cost-efficient to maintain a few bus route segments serving fewer than ten children, but that it was not economically cost-efficient to make an exception in order to provide the plaintiffs with a bus stop closer than three miles from their home. It presented evidence that a bus route to plaintiffs' home would require an unusual out-and-back bus trip of several miles over a dirt road, in contrast to the routes for which they have allowed an exception, which are on through streets, do not require the buses to make lengthy out-and-back trips, and do not significantly extend bus time or mileage. Plaintiffs presented no evidence to dispute the economic basis of the District's conclusion.

Plaintiffs argue on appeal that the District could construct a bus route to their area that would not require an out-and-back trip, and that certain of the existing bus route segments are not cost-effective. Unsupported, conclusory arguments of counsel, however, do not create an issue of fact. *See Matthiesen v. Banc One Mortgage Corp*. 173 F.3d 1242, 1247 (10th Cir. 1999). Moreover, in

determining whether local governmental action is arbitrary and capricious, courts are not free to substitute their own judgment for that of the local governing bodies. Governmental bodies have wide latitude under the Equal Protection Clause in making social and economic decisions; "the federal courts do not sit as arbiters of the wisdom or utility of these [decisions]." *Allright Colo., Inc. v. City & County of Denver*, 937 F.2d 1502, 1512 (10th Cir. 1991). Plaintiffs also argue for the first time in their reply brief that the District created bus routes based on the social status of the children's parents. This assertion is both untimely and wholly unsupported by any evidence in the record. We agree with the district court that plaintiffs did not meet their burden of showing that the District's decision not to provide them with more convenient bus service was irrational or arbitrary or that it could not plausibly further a legitimate governmental interest in providing cost-effective bus service to the entire District.

The judgment of the district court is AFFIRMED for substantially the same reasons set forth in its March 21, 2003 order.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-6-