**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARTIN VASQUEZ,

        Plaintiff-Appellant,

v.

CITY OF KINSLEY, KANSAS,

        Defendant-Appellee.

No. 08-3175
(D.C. No. 5:08-CV-03130-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Pro se Plaintiff Martin Vasquez appeals the district court's dismissal of his

42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be

granted. We review the court's dismissal of his complaint de novo. *See Riddle v.*

*Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996).

The Supreme Court has held that "a local government may not be sued

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
    After examining Plaintiff's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument..

under § 1983 for an injury inflicted solely by its employees or agents," *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), but will be held liable only where "action pursuant to official municipal policy of some nature caused a constitutional tort," *id.* at 691. Even liberally construed, Plaintiff's complaint does not claim that the alleged malicious prosecution was caused by any such official policy, nor does the complaint reasonably suggest that such a claim could be supported. Therefore, for substantially the reasons delineated by the district court, we **AFFIRM** the district court's dismissal of Plaintiff's claim.

We advise Plaintiff that the district court's dismissal of his complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g), and we remind him that, upon incurring three strikes, he will no longer be able to proceed *in forma pauperis* in a civil action in federal court unless he is "under imminent danger of serious injury," 28 U.S.C. § 1915(g). We also remind Plaintiff of his obligation to continue making partial payments until his filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge

-2-