**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM FELTS,

      Plaintiff-Appellant,

v.

CITY OF DODGE CITY, KANSAS,

      Defendant-Appellee.

No. 11-3262
(D.C. No. 6:10-CV-01200-JTM-KMH)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

---

William Felts appeals from the district court's dismissal of his pro se civil

rights complaint against the City of Dodge City, Kansas (City). In his complaint,

Felts alleged that "the City's trade licensure ordinances" had been "misapplied and

selectively enforced to his detriment," thus violating the Equal Protection Clause of

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the Fourteenth Amendment. R., at 5. The district court dismissed the complaint, finding that Felts had failed to allege that the City had treated any similarly situated person differently than himself with respect to the specified ordinances. We affirm.

In his complaint, Felts alleged that he works as a tradesman in the City. The City's Municipal Code requires those who perform trades work such as heating, air conditioning, plumbing, or electrical work, to be licensed. Prior to bringing his suit, Felts engaged in a dispute with the City's Inspection Department over whether the licensing requirement should be applied to him. He eventually obtained the appropriate City license for his work. But he asserts that he remains aggrieved by the licensure requirement because it is selectively enforced. In particular, he claims that although "it has long been common knowledge that the trade/contracting staff of the 'major players' in Dodge City's tradeswork community . . . are and have always been largely un-licensed," the City nevertheless permits these "Major Contractors" to carry on their trades work "largely . . . exempt" from licensure. *Id.* at 7. Thus, he "was required to obtain licensure that the Major Contractors have largely been exempt[ed] from." *Id.* For this alleged violation of his right to equal protection of the laws, Felts sought equitable relief and damages.

The district court carefully parsed Felts' complaint and his response to the City's motion to dismiss and determined that he "does not argue that the City fails to enforce the licensure requirement against other 'solo trades workers,' but emphasizes repeatedly that the City is giving unfair preference to 'the big trades work

- 2 -

companies' by excusing them from the licensure requirement." *Id.* at 35. The district court observed that "[e]ssentially, Felts argues that he is in a 'class of one' in contract to preferred, larger businesses." *Id.* at 36. It concluded, however, that he had made no showing that these "Major Contractors" were "identical in all relevant respects" with himself. *Id.* Therefore, he necessarily failed to state a claim under the Equal Protection Clause.

We review de novo the district court's dismissal of Felts' civil rights complaint for failure to state a claim. *See Al-Owhali v. Holder*, 687 F.3d 1236, 1239 (10th Cir. 2012). "If the plaintiff proceeds *pro se*, the court should construe his pleadings liberally and hold the pleadings to a less stringent standard than formal pleadings drafted by lawyers." *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). "However, the broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* (internal quotation marks omitted).

Felts raises two issues on appeal: (1) whether he compared himself with someone similarly situated, and (2) whether he established a case of selective enforcement.[1] "To prevail on a [class-of-one equal protection] theory, a plaintiff must first establish that others, similarly situated in every material respect were

---

[1]   Felts also makes a one-sentence argument that the district court should have analyzed his claim under an "'extraordinary process'" analysis. Aplt. Opening Br. at 4. The argument is not sufficiently developed for appellate consideration, and we decline to address it.

treated differently." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (internal quotation marks omitted). This "similarly situated" requirement applies to claims alleging selective enforcement. *Grubbs v. Bailes*, 445 F.3d 1275, 1282 (10th Cir. 2006).

Although the district court concluded that Felts identified the "Major Contractors" as his alleged comparators, he now contends that it is the unlicensed *individual* employees of these contractors with whom he should be compared. Aplt. Opening Br. at 3. But he is not similarly situated with these employees, either; for while he is a solo contractor, they work for large companies who, Felts concedes, "have . . . people at their offices that have the appropriate license," Aplt. Opening Br. at 3,[2] and "us[e] the licensed person's license to do trades work." *Id.* at 5.

We view class-of-one equal protection claims with caution. *Kan. Penn Gaming*, 656 F.3d at 1216. It is crucial that the plaintiff asserting such a claim meet his "substantial burden" of demonstrating that there are others "similarly situated in

---

[2]     In his reply brief, Felts provides, among other things, a list of unlicensed individuals who have allegedly been permitted to work as sole tradesmen in Dodge City, and a list of unlicensed individuals whom he alleges "perform Mechanical trades work in [Dodge City] for a company which has no person licensed to do Mechanical trades work in Dodge City." Aplt. Reply Br. at 4 (emphasis omitted). Setting aside the question of whether we should consider evidence Felts presents for the first time on appeal, or whether such unsworn evidence can appropriately be considered in reviewing an order of dismissal, this evidence does not support the argument Felts makes in his opening brief, concerning companies that *do* have at least one licensed person on staff. "[A]rguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011). We therefore decline to consider whether Felts is similarly situated to the unlicensed individuals he identifies in his reply brief.

all material respects" who have been treated differently.  *Id.* at 1217 (internal quotation marks omitted).  We agree with the district court that Felts failed to meet his burden.  Accordingly, we AFFIRM the district court's judgment, for substantially the reasons stated in its Memorandum and Order dated August 1, 2011.

Entered for the Court


Bobby R. Baldock
Circuit Judge