**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARTIN VASQUEZ ARROYO,

Plaintiff-Appellant,

v.

MICHAEL SEBES,

Defendant-Appellee.

No. 08-3132
(D.C. No. 08-CV-03099-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Pro se Plaintiff Martin Vasquez Arroyo appeals the district court's

dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon

which relief may be granted. We review the court's dismissal of his complaint de

novo. *See Riddle v. Mondragon*, 83 F.3d 1197, 1201 (10th Cir. 1996).

In his complaint, Plaintiff alleges that Defendant committed perjury when

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
    After examining Plaintiff's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument..

testifying against Plaintiff, apparently in Plaintiff's criminal trial. However, "all witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony in a prior trial." *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir. 1994) (citing *Briscoe v. LaHue*, 460 U.S. 325 (1983)). We therefore agree with the district court that Plaintiff's § 1983 action did not state a claim on which relief could be granted, and we accordingly **AFFIRM** the district court's dismissal of Plaintiff's complaint.

We advise Plaintiff that the district court's dismissal of his complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g), and we remind him that, upon incurring three strikes, he will no longer be able to proceed *in forma pauperis* in a civil action in federal court unless he is "under imminent danger of serious injury," 28 U.S.C. § 1915(g). We also remind Plaintiff of his obligation to continue making partial payments until his filing fee has been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge