**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROBERT VASQUEZ,

    Plaintiff - Appellant,

v.

JULIE JONES,

    Defendant - Appellee,

and

ALISHA TAFOYA-LUCERO; JANINE
RODRIGUEZ,

    Defendants.

No. 25-2058
(D.C. No. 1:20-CV-00612-RB-DLM)
(D. N.M.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert Vasquez, a New Mexico state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 action.[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     BACKGROUND

On January 28, 2019, while Mr. Vasquez was an inmate at the Northeast New Mexico Correctional Facility (NENMCF), at least three other inmates attacked and stabbed him, causing serious injury.  When the attack happened, there was only one correctional officer "on the floor in [his] unit for about 300 inmates."  Aplt. App. at 30, ¶ 15 (Am. Compl.).  Mr. Vasquez blamed Julie Jones, New Mexico's Secretary of Corrections for part of the relevant time period, for his injuries.[2]

He filed suit, asserting an Eighth Amendment supervisory liability claim under § 1983 against Ms. Jones for failing to protect him from assault by other inmates. Mr. Vasquez's complaint claims Ms. Jones's reckless disregard or deliberate indifference led to security failures at NENMCF—including understaffing, lack of training, and a classification system that placed high-profile, violent offenders at the facility even though it wasn't designed to house them.

---

[1] Although Mr. Vasquez initially filed his suit pro se, he is now represented by counsel.

[2] The operative complaint for this appeal is Mr. Vasquez's pro se complaint filed on June 1, 2021.  Mr. Vasquez filed two amended complaints pro se before the district court denied his third, counseled request to amend his complaint.  He did not appeal the denial of his third motion to amend.  In his operative complaint, he named nine entities and individuals.  However, he appeals only the dismissal of his failure-to-protect claim against Ms. Jones, so we limit our order to that single claim and defendant.

Ms. Jones filed a motion for judgment on the pleadings, which the district court construed as a motion to dismiss and granted.  The district court held that Mr. Vasquez failed to show Ms. Jones knew or should have known that her failure to hire and train staff "would cause others to deprive [Mr. Vasquez] of [his] constitutional rights."  Aplt. App. at 133 (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 779 (10th Cir. 2013)).  The court further held that the generalized conditions Mr. Vasquez alleged—inadequate staffing and training and a faulty classification system—weren't enough to demonstrate Ms. Jones knew of and was deliberately indifferent to a substantial risk of harm, because he failed to connect these conditions to his injuries or to explain how or why they resulted in the attack.  The district court later dismissed Mr. Vasquez's complaint in its entirety and accordingly closed the case.

Based on its conclusion that Mr. Vasquez failed to plausibly state a claim for relief, the district court dismissed the Eighth Amendment failure-to-protect claim with prejudice.[3]  Mr. Vasquez appeals.[4]

---

[3] The district court also granted Ms. Jones qualified immunity, but we need not address qualified immunity separately.  Because Ms. Jones's entitlement to qualified immunity depends initially on whether Mr. Vasquez alleged facts sufficient to state an Eighth Amendment failure-to-protect claim against her, the two analyses are identical.

[4] Mr. Vasquez also asserted this claim against the current Secretary of Corrections for New Mexico, but he explicitly limited his appeal to Ms. Jones.

## II.    STANDARDS OF REVIEW

We review the dismissal of a complaint for failure to state a claim de novo. *Silva v. United States*, 45 F.4th 1134, 1137 (10th Cir. 2022). In doing so, we take all well-pleaded allegations as true and construe them in the light most favorable to the non-moving party. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    DISCUSSION

To state a claim for failure to protect, Mr. Vasquez had to allege he was "incarcerated under conditions posing a substantial risk of serious harm"—the objective component—and that Ms. Jones had a "sufficiently culpable state of mind"—the subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted); *see also Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996). Because § 1983 doesn't "authorize liability under a theory of respondeat superior," Mr. Vasquez had to "show an affirmative link between" Ms. Jones and the constitutional violation (here, the assault and stabbing). *Schneider*, 717 F.3d at 767 (internal quotation marks omitted). Establishing this affirmative link requires "(1) personal involvement[,] (2) causation, and (3) state of mind." *Id.*

4

We focus on the third element, state of mind, which we've defined in prison conditions cases as "deliberate indifference." *Perry v. Durborow*, 892 F.3d 1116, 1122 (10th Cir. 2018). Deliberate indifference has three requirements: that (1) Ms. Jones "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]"; (2) she "actually drew that inference"; and (3) she "was aware of and fail[ed] to take reasonable steps to alleviate" the risk of harm. *Id.* (alterations in original) (internal quotation marks omitted). "Deliberate indifference is a stringent standard of fault," which a plaintiff can satisfy by showing a prison official "deliberately or consciously fail[ed] to act when presented with an obvious risk of constitutional harm which will almost inevitably result in constitutional injury of the type experienced by the plaintiff." *Schneider*, 717 F.3d at 769 (brackets and internal quotation marks omitted).

In prison conditions cases like this one, overcrowding or high staffing ratios alone do not automatically create an intolerable risk of harm for Eighth Amendment purposes. *See Brown v. Plata*, 563 U.S. 493, 538 (2011) ("Establishing the population at which the State could begin to provide constitutionally adequate [conditions] . . . requires a degree of judgment" which "involves uncertain predictions regarding the effects of population reductions, as well as difficult determinations regarding the capacity of prison officials to provide adequate care at various population levels."). A plaintiff must also allege facts showing "the defendant-supervisors weren't just aware of the risk that . . . assaults might occur,"

5

but "were aware that those known risks had, in fact, *already previously materialized*." *Perry*, 892 F.3d at 1125–26 (emphasis in original).

This generally means an inmate-plaintiff must allege prison officials explicitly knew about similar previous attacks or misconduct in the same facility, *see id.* at 1126, or that prison officials "disregard[ed] repeated warnings of danger to a particular prisoner and continually refuse[d] to make the situation safer," *Grimsley v. MacKay*, 93 F.3d 676, 681 (10th Cir. 1996). The Supreme Court has summarized the type of evidence required to meet this standard:

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

*Farmer*, 511 U.S. at 842–43 (internal quotation marks omitted). The notion underlying these requirements is that "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment." *Id.* at 843.

Like the district court, we conclude Mr. Vasquez failed to sufficiently allege the requisite state of mind.[5] Relevant to his claim against Ms. Jones, Mr. Vasquez's complaint provides:

---

[5] Because we conclude Mr. Vasquez's complaint fails on the subjective state of mind requirement, we need not and do not consider whether Mr. Vasquez sufficiently alleged causation or Ms. Jones's personal involvement.

(1) Mr. Vasquez was injured on January 28, 2019, because of Ms. Jones's reckless disregard or deliberate indifference to security failures in NENMCF's operations, including understaffing, lack of training, and an improper classification system that placed at NENMCF violent offenders it was not equipped to house;

(2) Ms. Jones knew that staffing on January 28, 2019, was dangerously inadequate because the state's Department of Corrections fined GEO Group Inc. (GEO), the entity tasked with administering NENMCF, $2,713,005 between May 2017 and November 2019 for failure to safely staff the facility;

(3) in January 2019, New Mexico and GEO had an arrangement allowing GEO to pay a fine instead of safely staffing the prison;

(4) Ms. Jones's actions and/or failure to act resulted in only one correctional officer on the floor for about 300 inmates at 11:00 a.m. on January 28, 2019;

(5) three or more inmates took this opportunity to attack and stab Mr. Vasquez;

(6) Ms. Jones's failure to find, train, and post sufficient staff to safely run NENMCF caused his injuries;

(7) these actions or omissions amounted to deliberate indifference for failing to address dangerously inadequate understaffing; and

(8) the $2,713,005 fines against GEO show an unconstitutional custom or policy of paying fines instead of safely staffing the prison.

These allegations are simply too attenuated for us to hold Ms. Jones liable under the Eighth Amendment.  Mr. Vasquez's complaint fails because he never

alleged Ms. Jones was aware of facts supporting the inference that Mr. Vasquez faced an obvious risk of constitutional harm and that she actually drew that inference. *See Perry*, 892 F.3d at 1122. True, Mr. Vasquez alleged understaffing severe enough to lead to over two years of substantial fines against GEO for its insufficient staffing. And he alleged that on the day he was attacked, there was just one security guard on duty for 300 inmates. But Mr. Vasquez failed to allege Ms. Jones knew the specific staffing ratio of correctional officers to inmates the day of the attack. And even if he had, awareness of understaffing generally doesn't amount to deliberate indifference without additional circumstantial evidence showing prison officials were aware such understaffing had previously led to violence or were aware of a specific threat of imminent violence. *See id.* at 1125–26; *Farmer*, 511 U.S. at 842–43.

Mr. Vasquez's additional allegations of insufficient training and inmate classification issues aren't enough to satisfy his burden either, even combined with the insufficient staffing. Even if he had alleged Ms. Jones was aware of each of these issues, it would not automatically follow that she knew or inferred these alleged conditions would "almost inevitably result" in a violent inmate-on-inmate attack because he offers no additional circumstantial evidence about how these conditions impacted NENMCF's inmates and environment. *See Schneider*, 717 F.3d at 769.

For example, Mr. Vasquez never claims NENMCF suffered endemic violence, says nothing about any previous threats or fights he witnessed or experienced, and doesn't claim there was *regularly* only one security guard to monitor 300 inmates. Nor does he allege Ms. Jones knew there was only one security guard on duty when

8

Mr. Vasquez was attacked; he alleges only that Ms. Jones knew that GEO had been fined for understaffing the facility.[6]  Though Mr. Vasquez defines the staffing ratio at NENMCF as "dangerously inadequate," Aplt. Opening Br. at 16, he offers no circumstantial evidence aside from his own attack to show the staffing levels were so dangerous as to create an obvious risk.  The same is true for the alleged insufficient training and improper classification system:  even assuming Ms. Jones was responsible for creating or adopting the inadequate staff-training policies and an inappropriate inmate classification system, Mr. Vasquez nowhere ties the allegedly insufficient staff training or classification system to his attack, or even to generalized violence at NENMCF.

In sum, Mr. Vasquez hasn't alleged enough for us to conclude Ms. Jones actually drew the inference that the insufficient staffing, training, and inmate classification created an intolerable risk of harm to which she was deliberately indifferent.

---

[6] In his Opening Brief, Mr. Vasquez discussed in detail a large prison riot that occurred at NENMCF in September 2017.  *See* Aplt. Opening Br. at 6–7.  He also attached to his motion for appointment of counsel before the district court news articles describing the September 2017 riot and another riot that occurred in November 2020, almost two years after he was attacked.  However, he did not reference either of these prison riots in his Amended Complaint or attach the news articles.  In evaluating a Rule 12(b)(6) motion, we are limited to the complaint itself and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  Therefore, we can't consider the prison riots or the news articles.

## IV.    CONCLUSION

We affirm the district court.[7]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[7] In his Opening Brief, Mr. Vasquez requested permission to amend his complaint.  But because he never appealed the district court's order denying his request to amend his complaint, he failed to preserve this issue for appeal and we decline to address it here.  *See Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014).